UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYAHTEE TEASLEY, <br><br>   Plaintiff, <br><br>   v. <br><br> ALEX VILLANUEVA, et al., <br><br>   Defendants. | Case No. 2:21-cv-00120-JGB-PD <br><br> **ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

## I.  Pertinent Procedural History and Plaintiff's Claims

On January 6, 2021, Plaintiff Kenyahtee Teasley, who was then incarcerated at Men's Central Jail in Los Angeles County, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (the "Complaint") against Defendants Deputies Cortez and Walker, and Defendant Los Angeles County Sheriff Alex Villanueva.  [Dkt. No. 1.]  The Complaint alleges that on October 15, 2020, Defendant Cortez and other unnamed deputies physically assaulted him while he was in custody at the Men's Central Jail.  Plaintiff concurrently filed an application to proceed *in forma pauperis* (the "IFP Request").  [Dkt. No. 2.]

On January 20, 2021, the Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and found that it failed to state a claim against Deputy Walker, Sheriff Villanueva, and the Los Angeles County Sheriff's Department. These claims were dismissed but Plaintiff was granted leave to amend within 30 days. The Court stated that if Plaintiff intended to proceed on the dismissed claims, he would need to file a First Amended Complaint which cured any deficiencies. The Court also denied Plaintiff's IFP Request because he failed to attach a certified trust account statement and informed Plaintiff that he would need to submit another application within 30 days or the action would be dismissed. [Dkt. No. 4]

On February 12, 2021, Plaintiff filed a new IFP request. After Plaintiff did not file a First Amended Complaint addressing the deficiencies in his claims against Defendants Walker and Villanueva, on March 3, 2021, the Court ordered service of the Complaint and Summons by the United States Marshal only upon Defendant Cortez. [Dkt. Nos. 7, 8.] On that date, the Court also issued an order specifically cautioning Plaintiff that he must keep the Court apprised of his address at all times. [Dkt. No. 6.] The Court warned Plaintiff that his failure to inform the Court of his current address may result in the case being dismissed for failure to prosecute. *See* Local Rule 41-6; *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988). [*Id.* at 2.]

On March 25, 2021, the United States Marshal filed a Process Receipt and Return form with the following notation: "This defendant [Defendant Cortez] could not be identified by the LASD." [Dkt. No. 11.]

On July 29, 2021, the Court issued an order requiring Plaintiff to obtain more information about Defendant Cortez, specifically by obtaining a copy of the reports taken after the incident alleged in the Complaint, so that effective service could be made upon Defendant Cortez. [Dkt. No. 12.] The Court mailed the Order to the Men's Central Jail address provided by Plaintiff at

the time he filed the Complaint. On August 9, 2021, this Court received the Order in the mail back from the Men's Central Jail marked undeliverable and "unable to forward." [Dkt. No. 13.]

According to the Los Angeles County Sheriff's Department online database, Plaintiff was released from custody on June 14, 2021. *See* https://app5.lasd.org/iic/ajis_search.cfm (Booking Number 6029300). Plaintiff never provided the Court with an updated address, and he has not responded to the Order and provided additional information about Defendant Cortez or otherwise communicated with the Court about his case. Accordingly, the case is now subject to dismissal for Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-1.

## II.  Discussion

Rule 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Plaintiff has not provided the Court with his updated

address. More than two months have passed since the Court requested the information for Defendant Cortez to be served. Plaintiff's failure to update his address, provide the information, request an extension of time, or show good cause for his delay prevents the Court from moving this case toward disposition and shows that Plaintiff does not intend to litigate this action diligently.

Arguably, the third factor – prejudice to Defendant Cortez – does not counsel in favor of dismissal because Defendant Cortez has not been served and is otherwise unaware that a case has been filed. However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Plaintiff's inaction in this matter is an unreasonable delay. In the absence of any explanation, non-frivolous or otherwise, for Plaintiff's delay, the Court presumes prejudice. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. However, the Court attempted to avoid outright dismissal by giving Plaintiff ample time to communicate with the Court and provide an updated mailing address. Additionally, Plaintiff was expressly warned that failure to comply with the Court's orders could result in dismissal. Thus, the Court explored the only meaningful alternatives to dismissal in its arsenal and found that they were not effective. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

The fifth factor – the general policy favoring resolution on the merits – ordinarily weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Because Plaintiff has failed to participate in his own lawsuit, it does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits. This factor does not weigh in favor of or against dismissal.

In sum, four out of the five factors support dismissal. The Court concludes that dismissal for failure to prosecute is warranted.

**IT IS SO ORDERED.**

Dated:  October 29, 2021

_____
JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE